IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL ANDRUS<br>1832 Adams Way<br>Jamison, PA 18929<br><br>                Plaintiff,<br>  v.<br><br>BARD HOLDING INC<br>1 Ben Fairless Drive<br>Fairless Hills, PA 19030<br><br>And<br><br>SURAJIT KHANNA<br>1 Ben Fairless Drive<br>Fairless Hills, PA 19030<br><br>And<br><br>HOWARD L. BOBB<br>1 Ben Fairless Drive<br>Fairless Hills, PA 19030<br><br>                Defendants. | No. _____ |

## CIVIL ACTION COMPLAINT

      Plaintiff, Michael Andrus (hereinafter "Plaintiff"), by and through his undersigned counsel, hereby avers as follows:

### I. Introduction

1.    Plaintiff initiates this action to seek redress against Defendant, his former employer, for breach of contract, violations of the Pennsylvania's Wage Payment and Collection

Law and violations of the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), and other applicable law.

## II. The Parties

1. Plaintiff is an adult individual currently residing at the above address.

2. Defendant, Bard Holding Inc., (hereinafter "Defendant Bard") is a development stage company incorporated in the State of Delaware in November 2009 and registered to conduct business in the Commonwealth of Pennsylvania, with a place of business at the above address.

3. Defendant Surajit Khanna is the Chairman and CEO of Bard and responsible for many of the violations Plaintiff is suing for.

4. Defendant Howard L. Bobb is the Vice Chairman of Bard and also responsible for many of the violations for which Plaintiff is requesting relief.

5. At all times relevant hereto, Defendant acted by and through its agents, servants, and employees, each of whom acted within the scope of his or her job duties.

## III. Jurisdiction and Venue

6. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

7. The Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

8. The United States District Court for the Eastern District of Pennsylvania may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of COBRA.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction in that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Defendant is located in and conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district

### IV. Factual Background

11. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

12. Plaintiff began his employment with Defendant on or about May 1, 2011.

13. Plaintiff was employed as Chief Global Development Officer for the Defendant in accordance with an employment contract hereto attached and Incorporated herein as Exhibit 1.

14. In accordance with his employment contract, Plaintiff was entitled to automatic extensions of his employment, for up to two successive one-year periods unless the company gave notice to the Plaintiff of a non-extension no later than 60 days prior to the expiration of the then applicable term.

15. Plaintiff was offered compensation and a base salary of $250,000 in addition to a performance bonus which would not exceed 60% of his annualized base salary depending on the Plaintiff's performance during the initial term and any extension term.

16. The agreement is governed by and construed in accordance with the internal laws of the State of Delaware.

17. Plaintiff was also granted common stock, pursuant to the provisions of his employment agreement up to 1 million shares of common stock.

18. The first month of plaintiff's employment, 500,000 shares were granted, and the second month 250,000 shares, and the third month 250,000 shares.

19. On the termination of Plaintiff's employment, the last day of his employment was to be treated as a qualifying event under the Consolidated Omnibus Reconciliation Act of 1985 [COBRA].

20. Plaintiff was promised, in the agreement, that he would receive his COBRA information separately and never received any COBRA information of any kind within 44 days.

21. In fact Plaintiff had to consistently attempt to get Defendant to give him Cobra and this took so many moths that it was unaffordable for him when he was finally notified by defendant of his Cobra rights.

22. Defendant paid Plaintiff's full salary for the month of May 2011 but then unilaterally reduced it to $150,000.

23. Plaintiff was promised that Defendant would make up the difference in September 2011 but that did not occur and in fact, Plaintiff salary was reduced to $100,000 stating it would only be for three months but it remained at $100,000 until August 2012 when Plaintiff was terminated.

24. Plaintiff's salary was never returned to $250,000, and he was never compensated for the reduction in salary and also never received his shareholders agreement.

25. In July 2012, Plaintiff attempted to fill his prescription and was informed that his medical insurance and lapsed due to nonpayment of premiums.

26. Defendant allegedly deducted the medical premiums for Plaintiff's medical insurance from his salary but instead of paying it, pocketed the money and allowed Plaintiff's medical insurance to lapse.

27. On August 20th 2012, without appropriate and proper notice, pursuant to his employment agreement, Plaintiff was terminated, allegedly because his position was eliminated.

**28.** Defendant also bounced Plaintiff's last paycheck.

## COUNT ONE
## COBRA VIOLATIONS

### Plaintiff vs. Bard

29. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

30. Plaintiff's termination constitutes a qualifying event under the Consolidated Omnibus Budget Reconciliation Act (COBRA).

31. Plaintiff was a covered employee under COBRA at the time of his separation from employment and/or at the time Plaintiff's health insurance was terminated by Defendant, and Defendant was required to offer Plaintiff continuation of health coverage.

32. Defendant Bard was also required by COBRA to notify Plaintiff of his rights under the law however Defendant failed to provide Plaintiff any of the required notices.

33. Defendant's termination of Plaintiff's health insurance without adequate notice to Plaintiff that his coverage was to cease was in bad faith, and Plaintiff detrimentally relied on Defendant's assurance that Plaintiff would have health insurance.

34. As a result of Defendant's COBRA violations, Plaintiff has suffered damages as set forth herein.

## COUNT TWO
## BREACH OF FIDUCIARY DUTY

### Plaintiff vs All Defendants

35. The averments of the foregoing paragraphs are hereby incorporated by reference as if set forth in their entirety.

36. All Defendants violated their fiduciary duty to the Plaintiff.

37. Defendants were trustees to whom income was legally committed by the Plaintiff.

38. Defendants owed a fiduciary duty to Plaintiff because Defendants were obligated by the Agreement to provide Plaintiff with his full income and promised to promptly remit all monies owing to Plaintiff.

39. Defendants breached their fiduciary duty to Plaintiff by failing to remit monies they were obligated to hold and pay to Plaintiff.

40. Defendants further breached their fiduciary duty by failing to give an accounting of the monies they received on behalf of the Plaintiffs despite request.

41. Defendants breached their fiduciary duties by converting and appropriating for their own use monies which they were obligated to remit to Plaintiff's medical insurance in accordance with the Agreement.

42. WHEREFORE, Plaintiff respectfully request that the Court enter judgment in their favor and against Defendants for all monies unjustly withheld by Defendants (a minimum

of $185,000.00, although the precise damages are unknown pending the accounting requested *supra*) as a result of their breach of fiduciary duty, as well as interest, court costs, punitive or exemplary damages, and any and all such other relief the Court may deem just and appropriate.

## COUNT THREE
## BREACH OF CONTRACT

### Plaintiff vs. Bard

43. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

44. In entering into the aforesaid Agreement, and thereby making a valid and binding promise, supported by lawful consideration, to pay Plaintiffs and provide them with information as aforesaid, Defendant committed a breach of contract.

45. As a direct and proximate result of Defendant's breach of contract, Plaintiffs has incurred damages as aforesaid.

46. Plaintiff also reasonably relied upon the promises made by Defendant as aforesaid and may make an alternative recovery on a promissory estoppel theory as well as for breach of contract.

47. Plaintiff will require an accounting (*see* Count Four, *infra*) to determine the precise damages to which they are entitled as a result of Defendant's breach of contract as aforesaid.

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and against Defendant for all monies due to it under the aforementioned Agreement (a minimum of $185,000.00, although the precise damages are unknown pending the accounting requested *infra*), as well as interest, court costs, and any and all such other relief the Court may deem just and appropriate.

## COUNT FOUR
## ACCOUNTING

### Plaintiff vs. Bard

48. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

49. Defendant failed to make all required payments to Plaintiffs and continue in this failure to this day.

50. All papers, records, and accounts of Defendant relating to the monies properly owing to Plaintiffs are in the sole custody of Defendant and Plaintiffs will require access to same to ascertain the precise amount actually due to them under the Agreement.

WHEREFORE, Plaintiffs respectfully request that Defendant be directed to provide a detailed accounting to allow Plaintiffs to ascertain the precise amounts owing them under the Agreement, as well as any other relief the Court deems just and appropriate.

## COUNT FIVE
## UNJUST ENRICHMENT

### Plaintiff vs. All Defendants

51. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

52. Defendants willfully misappropriated the funds they should have distributed to Plaintiff.

53. Defendants had no right to appropriate the monies which rightfully, and pursuant to the agreement, should have been distributed to the Plaintiffs.

54. The Defendants were unjustly enriched as a consequence.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in their favor and against Defendants for all monies unjustly withheld by Defendants (a minimum of $185,000.00, although the precise damages are unknown pending the accounting requested *supra*), as well as interest, court costs, and any and all such other relief the Court may deem just and appropriate.

## COUNT SIX
## CONVERSION

### Plaintiff vs. All Defendants

55. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

56. The Defendants were obligated to remit to the Plaintiff, income and stock and medical insurance and, in entering into the aforesaid Agreement (Exhibit 1), agreed to pay Plaintiff promptly.

57. In violation of the Agreement, Defendants willfully appropriated monies that were the property of Plaintiffs and converted them for their own use.

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and against Defendants for all monies unjustly withheld by Defendants (a minimum of $185,000.00, although the precise damages are unknown pending the accounting requested *supra*), as well as interest, court costs, punitive or exemplary damages, and any and all such other relief the Court may deem just and appropriate.

## COUNT SEVEN
## The Delaware Wage Payment and Collection Act ("DWPCA")

**Plaintiff vs. All Defendants**

58. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

59. At all times relevant herein, Plaintiff was an employee of Defendants.

60. At all times relevant herein, Defendants were "employers" as that term is defined in 19 Del. C. Sec. 1101(b).

61. Defendants have refused to pay Plaintiff his earned salary.

62. Defendants have refused to pay Plaintiff's profit sharing as per Defendant's job offer to Plaintiff.

63. The monies owed to Plaintiff, for profit sharing and salary are "wages" as that term is defined in the Delaware Wage Payment and Collection Act, in that they are earnings of an employee determined on time, task, piece, commission or other method of calculation or where fringe benefits or wage supplements payable by Defendants.

64. Defendants' willful and deliberate failure to pay Plaintiff the aforesaid wages is a violation of the Delaware Wage Payment and Collection Act.

65. Because Defendants' failure to pay Plaintiff was in bad faith, Plaintiff is also entitled to claim a percentage of the total monies due to him, or the prescribed statutory amount (whichever is greater) as liquidated damages at a rate set forth in the Delaware Wage Payment and Collection Act.

66. Further, Defendants are responsible for all attorneys' fees expended by Plaintiff in his efforts to recover the monies properly due him.

*WHEREFORE*, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendant for all wages owed him, costs, liquidated damages, attorneys' fees, and any other relief the Court deems just and appropriate.

Respectfully submitted,

KOLMAN ELY PC.,

By: /s/ Timothy M. Kolman, Esquire
Attorney for Plaintiff
414 Hulmeville Avenue
Penndel, PA 19047
(215) 750-3134

February 5, 2013